UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

JOHN MEGGS,

    Plaintiff,

v.

JENCOURT LLC D/B/A
THE LUCIE,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues JENCOURT LLC D/B/A THE LUCIE, (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff is the President of the Not-for-Profit Corporation, Access 4 All, Incorporated

5. At all times material, Defendant, JENCOURT LLC, owned a place of public accommodation with a commercial hotel at 10978 S Ocean Drive, Jensen Beach, Florida 34957 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Saint Lucie County, Florida.

6. At all times material, Defendant, JENCOURT LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Delray Beach, Florida. Defendant, JENCOURT LLC, holds itself out to the public as "The Lucie."

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property and hotel business is located in Saint Lucie County, Florida, Defendant regularly conducts business within Saint Lucie County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Saint Lucie County, Florida.

## FACTUAL ALLEGATIONS

8. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and

pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

12. Defendant, JENCOURT LLC, owns, operates and/or oversees the Commercial Property, its general parking lot and/or parking spots specific to the business therein, the interior of the hotel located in Jensen Beach, Florida, that is the subject of this Action.

13. Mr. Meggs is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Meggs is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15. The subject Commercial Property is open to the public and is located in Saint Lucie County, Florida. The individual Plaintiff visits the Commercial Property, to include a visit to the Commercial Property on or about February 17, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. Plaintiff spends time in and near Jensen Beach, Florida, in the same county and state as the Commercial Property, and intends to return to the property within four (4) months' time of the filing of this Complaint and has in fact made a reservation at the hotel. He regularly conducts business on behalf of Access 4 All Corp, a Florida Not-For-Profit Corporation, in and around South Florida, to include Jensen Beach, Florida often with but not limited to meeting with organization's members.

16. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

17. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

18. Defendant, JENCOURT LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, JENCOURT LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, JENCOURT LLC, owns and/or operates is the Commercial Property and Business is located at 10978 S Ocean Drive, Jensen Beach, Florida 34957.

19. Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the

Commercial Property without fear of discrimination.

20. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I-ADA VIOLATIONS

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, JENCOURT LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

  i. Accessible spaces have cross slopes >2%, endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

  ii. Access aisles are not clear and level, with cross slopes >2%, endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

B. Entrance Access and Path of Travel

  i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access the Commercial Property, which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

  ii. Routes to and from the beach are inaccessible to Plaintiff and are in violation of the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403,

    405 and 406.

iii. Accessible route walkways have cross slopes measuring >2% in multiple locations, creating hazardous conditions for Plaintiff and in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iv. Accessible route walkways have changes in level >3/4" in multiple locations, creating hazardous conditions for Plaintiff and in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Exterior ramps lack compliant landings at top and bottom of each run (30" rise max), endangering Plaintiff and violating the ADAAG and ADAS Section 405.

vi. Exterior ramps lack compliant handrails, endangering the Plaintiff and in violation of Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

C. <u>Access to Goods and Services</u>

i. Check in counter is mounted at a height in excess of 36" AFF, preventing use by Plaintiff and violating Section 7.2(1) of the ADAAG.

ii. Outdoor bar counter is mounted at a height in excess of 36" AFF, preventing use by Plaintiff and violating Section 7.2(1) of the ADAAG.

iii. Outdoor pool table knee and toe space is too high (>27") and of insufficient depth (<17"), preventing use by Plaintiff and in violation of the ADAAG.

iv. Maneuvering clearance at door of the gym is inadequate, impeding access for Plaintiff and violating Table 404.2.4.2 of the 2010 ADAS.

v. Outdoor shower fails to comply with Section 608 of the 2010 ADAS.

D. <u>Public Restrooms</u>

i. Maneuvering space is inadequate, impeding Plaintiff from entering and exiting the public

restroom, in violation of 2010 ADAS Section 404.

ii. Toilet has improper centerline (outside of required range of 16" to 18") from side wall, denying access to Plaintiff and in violation of the 2010 ADAS.

E. Accessible Guestrooms and Suites

i. Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding Plaintiff, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404.

ii. Shelves within closet/wall mounted unit is inaccessible for use by the Plaintiff as it is mounted at a height in excess of 48" AFF, in violation of the ADAAG and 2010 ADAS Sections 308.

iii. Rear grab bar in the guestroom toilet is <36" long and is mounted at a height >36" AFF, preventing use by Plaintiff and in violation of the ADAAG and 2010 ADAS Sections 604 and 609

iv. Accessible guest bathroom lavatory lacks knee and toe clearance to allow Plaintiff to pull under and use, violating the ADAAG and 2010 ADAS Section 606.

v. Adjustable height hand-held shower wand with a 60" long hose is not provided at a proper mounting height, violating the ADAAG and 2010 ADAS Sections 308 and 607.

vi. Roll-in shower is insufficient width (<30") as configured in 2010 ADAS Figure 608.2.2 or 608.2.3, preventing use by Plaintiff.

vii. The shower seat provided in the guestroom shower lacks a secure fastener to the wall, endangering Plaintiff and in violation of the ADAAG and 2010 ADAS Sec. 608.

viii. Faucet controls and shower wands are not positioned on the wall along the side of the shower seat to be operable from the folding shower seat or from the shower wheelchair as

per 2010 ADAS Figure 608.

ix. Horizontal grab bar not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

x. The bottom reflecting surface of the mirror is mounted at a height that is >40" AFF, in violation of the 2010 ADAS.

xi. Toilet flush valve is not mounted on the wide side of toilet, preventing use by Plaintiff and in violation of Section 604 of the 2010 ADAS.

## RELIEF SOUGHT AND THE BASIS

23. The discriminatory violations described in the Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

24. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings,

businesses and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

25. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their businesses, located at and/or within the commercial property located at 10978 S Ocean Drive, Jensen Beach, Florida 34957, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures the violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable

by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 29, 2023

                                                    **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com; dramos@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713